**Jeffrey R. BUCKLEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–6167.

United States Court of Appeals, Sixth Circuit.

Oct. 2, 2001.

Before SILER and CLAY, Circuit Judges; GRAHAM, District Judge.*

*ORDER*

Jeffrey R. Buckley appeals pro se from a district court judgment that denied a motion to vacate his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

In 1996, Buckley was convicted of conspiring to commit the armed robbery of a jewelry store, aiding and abetting the armed robbery of a business engaged in interstate commerce, aiding and abetting the use of a firearm during a crime of violence, and aiding and abetting the interstate transportation of stolen property, violations of 18 U.S.C. §§ 2, 924(c), 1951(a) and 2314. He was sentenced to 102 months of incarceration and three years of supervised release. This sentence was affirmed on direct appeal. *United States v. Allen,* 160 F.3d 1096 (6th Cir.1998).

In his § 2255 motion, Buckley primarily alleged: 1) that he did not actively use a firearm as required for a § 924(c) conviction; 2) that he was subjected to prosecutorial misconduct; and 3) that he was denied the effective assistance of counsel at trial. The district court dismissed the case on January 31, 2000, and it is from this judgment that Buckley now appeals.

We review the denial of a § 2255 motion *de novo,* although the district court's factual findings are examined for clear error. *Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999). In order for Buckley to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. *See id.*

Buckley must show both cause and prejudice to excuse the failure to raise his § 924(c) and prosecutorial misconduct claims on direct appeal. *See Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993). He argues that appellate counsel was ineffective. However, he has not shown that his attorney's performance was deficient, as counsel raised several plausible arguments on appeal. *See Wright,* 182 F.3d at 466–67. Thus, Buckley has not shown cause for his default, and the failure to do so independently defeats these claims. *See McCleskey v. Zant,* 499 U.S.

467, 502, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). We note, nonetheless, that he was not prejudiced as his claims all lack substantive merit.

■ Buckley alleged that he did not use or carry a firearm as required for a § 924(c) conviction by *Bailey v. United States,* 516 U.S. 137, 148–50, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court properly found that there was sufficient evidence to support his conviction on this charge. One of Buckley's codefendants, Chris Allen, testified that the disputed firearm had belonged to Buckley and that Buckley had argued with codefendant Jason Webb about who would carry it during the robbery. Although some of his testimony was inconsistent, codefendant Anthony Birdsong also acknowledged that he had signed a statement which indicated that the gun belonged to Buckley. In addition, Webb's testimony indicated that Buckley brought the gun to the scene, even though Webb ultimately carried it into the store. This evidence provided sufficient support for Buckley's conviction as it indicated that he aided and abetted Webb, who had brandished the gun during the robbery. *See Wright,* 182 F.3d at 464–66; *United States v. Lowery,* 60 F.3d 1199, 1202 (6th Cir.1995).

Buckley now argues that *Lowery* is inapposite because he was not convicted of aiding and abetting. This argument is refuted by the indictment which charged him with aiding and abetting the firearm offense, in violation of 18 U.S.C. §§ 2 and 924(c). Moreover, the government argued to the jury that Buckley had aided and abetted Webb in the firearm offense. Finally, the sentencing judgment plainly indicates that Buckley was convicted of aiding and abetting the use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).

Buckley also argues that the government relied on perjured testimony regarding Birdsong's statement. However, there is no indication that the prosecutor solicited perjury. Instead, he merely impeached Birdsong's equivocating testimony by questioning him regarding his previous statement to the police. Moreover, the issue of whether Birdsong's statement had been coerced was not hidden from the jury, as he testified that the police had shown him what to write. Thus, Buckley has not shown that the prosecutor's conduct was improper or that it deprived him of a fundamentally fair trial. *See Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1355–56 (6th Cir.1993).

Buckley also argues that the prosecutor: a) failed to read a complete statement regarding his acceptance of responsibility; b) improperly argued on appeal that Webb's testimony had linked him to the gun; and c) advised the jury that it did not have to remember every word of the court's oral instructions because they would get a written copy. These claims are not reviewable, as they exceed the scope of Buckley's certificate of appealability. *See* 28 U.S.C. § 2253(c)(3).

To establish the ineffective assistance of counsel, Buckley must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He now argues that his attorney overlooked or bypassed the issue of his firearm violation. The district court properly found that this claim was refuted by the record, as counsel had moved for a directed verdict on this issue and had urged the jury to acquit Buckley on the firearm charge. Thus, Buckley has not shown that counsel's performance was deficient and the failure to do so independently defeats this claim. *See id.*

Buckley also argues that counsel: a) failed to investigate Birdsong's statement; b) failed to investigate whether Buckley's history of drug abuse made him incompetent to stand trial; and c) admitted that Buckley was guilty of theft during closing arguments. These arguments are likewise unavailing. First, the alleged coercion of Birdsong's statement was adequately presented to the jury. Second, there is no indication that Buckley was not competent to stand trial. Finally, defense counsel pursued a reasonable strategy in urging the jury to convict Buckley only of the theft charge, but not the firearm charge which carried a mandatory consecutive sentence of five years.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.